STATE OF NORTH CAROLINA v. JAMES VERNON RIDDLE

No. 7329SC388

(Filed 13 June 1973)

Criminal Law § 143— appeal from revocation of suspended sentence — jurisdiction of court on appeal

Where defendant appealed to superior court from judgments revoking suspended sentences, jurisdiction of the superior court was derivative and the court was without authority to try defendant anew; therefore, judgments of superior court sentencing defendant to prison terms upon his guilty pleas are vacated.

ON *certiorari* to review judgment of *Falls, Judge,* 5 June 1972 Session of Superior Court held in McDOWELL County.

Defendant entered pleas of guilty in the District Court of McDowell County on two charges of issuing worthless checks. Judgments were entered imposing two consecutive four-months jail sentences. The sentences were suspended for one year on certain conditions, including one that restitution be made. Subsequently, after notice and hearing, an order revoking the suspended sentences and placing the active sentences into effect

State v. Riddle

was entered in the district court. Defendant appealed to the superior court.

The cases came on for hearing in the superior court on 7 June 1972. Instead of proceeding on the issue of whether there had been violations of the suspended sentences as provided by G.S. 15-200.1, the court placed defendant on trial anew. Pleas of guilty were entered and defendant was sentenced to jail for six months in each case. The sentences were to run consecutively. On 12 September we issued an order allowing defendant's petition for certiorari. After a hearing conducted pursuant to our order, counsel was appointed to represent defendant.

*Attorney General Robert Morgan by Eugene Hafer, Assistant Attorney General, for the State.*

*Dameron & Burgin by Charles E. Burgin for defendant appellant.*

VAUGHN, Judge.

Defendant appealed to the superior court from judgments of the district court placing two suspended sentences into effect. Such appeals are heard in the superior court only upon the issue of whether there has been a violation of the terms of the suspended sentence. Upon finding that the conditions have been violated, the superior court shall enforce the judgment of the district court, unless the judge finds that the circumstances and conditions surrounding the terms of probation and the violation thereof have substantially changed so that enforcement of the judgment would not accord justice to the defendant, in which case the terms of the suspended sentence may be modified or revoked. G.S. 15-200.1.

The jurisdiction of the superior court was derivative and the court was without authority to try defendant anew. In fairness to the trial judge, we must observe that it does not appear that the solicitor advised the court that the cases were on appeal from judgments revoking suspended sentences instead of appeals from convictions for which trials *de novo* would be proper. The judgments are vacated and the case is remanded.

Vacated and remanded.

Judges CAMPBELL and PARKER concur.